UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 4:20-CR-287 |
| | § | |
| CECIL BROWN, | § | |
| *Defendant.* | § | |

**Motion to Suppress**

TO UNITED STATES DISTRICT JUDGE DAVID COUNTS:

**Summary**

Cecil Brown moves the Court to suppress the evidence seized due to a traffic stop by the Monahans Police Department. In resolving this motion, the Court need decide one straightforward issue:

1. The Fourth Amendment prohibits unreasonable seizures—and requires courts to suppress evidence seized as a result. Officer Diaz seized Brown because, she says, his taillights were not on. His taillights were on. Because of her seizure, officers discovered a firearm on Brown's person, a second firearm in the vehicle, and evidence of Brown's use of controlled substances in the vehicle. Must the seized evidence be suppressed?

**Facts**

In the early morning hours, Officer Beatriz Diaz stopped a 2013 Ford Fusion driven by Brown for driving without the proper lights—she writes that the headlights were on but the tail lights were not.

Her police-cruiser's dashboard camera captured a video of the stop. The video confirms that Brown's headlights were on:

 

The video of the stop also shows that the taillights were on:

 

There are parts of the video where it is less clear that the taillights are active, apparently because of the light emitted by Officer Diaz's headlights and the angle of her dashboard camera:



Due to the portions of the video that are unclear, defense counsel's investigator inspected the car. He discovered that the car's settings do not permit the headlights to be on without the taillights also being on. Further, he discovered that the taillights are currently functioning properly and that they are less visible from a lower vantage point.

The car's owner drove the car regularly around the time when Brown was stopped and has possessed the car since then. The owner will testify that she has not changed the taillights since Brown's arrest. She will also testify that she drove and currently drives the car regularly at night, has not noticed a problem with the taillights, and has not been stopped by law enforcement for non-functioning taillights.

After she stopped the car, Officer Diaz approached the car and spoke to Brown, explaining that he was driving without his lights on. He said, "Oh shoot, I'm sorry" and began to explain. According to Diaz, he also pointed to the front of the car and said the lights were on. She smelled the odor of burnt marijuana during the stop.

Diaz ordered Brown to step out of the car and called for backup. He complied. As he was stepping out of the car, Diaz noticed that Brown positioned his body to hide the contents of his car and objects on his body from her view. Diaz ordered Brown to put his hands on the car in order to frisk or search him. Brown ran away from her. Diaz pursued him and informed other officers of the chase.

Brown was apprehended shortly after his attempted flight. Officers discovered a firearm on his person. After his apprehension, officers also searched his car because

Officer Diaz had smelled the odor of burnt marijuana at the beginning of the traffic stop. Officers discovered marijuana, crystal methamphetamine, and another firearm that they believe had been stolen.

The government has charged Brown with: (1) being a felon in possession of a firearm, (2) being a drug-user in possession of a firearm, and (3) possession of a stolen firearm.

1.  **The firearms discovered due to the traffic stop must be suppressed because Brown was illegally seized, a violation of his Fourth Amendment rights.**

Officer Diaz's stop of Brown's car was a seizure and, therefore, must be reasonable under the Fourth Amendment. *United States v. Miller*, 146 F.3d 274, 277 (5th Cir. 1998). The decision to stop Brown was reasonable only if Diaz had probable cause to believe Brown had committed a traffic violation. *Id.* The legal justification for the stop must be objectively grounded. *Id*. at 279. Diaz's reason for stopping Brown was not objectively grounded—she did not observe him commit a traffic violation prior to her seizure.

Texas law is clear about lighting requirements for a vehicle: "[A] motor vehicle, . . . shall be equipped with at least two taillamps . . . [that] shall emit a red light plainly visible at a distance of 1,000 feet from the rear of the vehicle." Tex. Transp. C. § 545.151(a), (d).

The video clearly shows that car Brown drove an unaltered 2013 Ford Fusion that complied with the requirements of the Texas Transportation Code and functioned properly at the time Officer Diaz stopped him.

Brown complied with the traffic laws. Officer Diaz's seizure of him was not supported by probable cause that he had violated the law. The seizure violated Brown's Fourth Amendment rights.

## Conclusion

Brown did not violate Texas's traffic laws. His stop was unconstitutional. The evidence against Brown would not have been found but for the unconstitutional seizure. The evidence must be suppressed as the fruit of a poisonous tree. *Wong Sun v. U.S.*, 371 U.S. 471 (1963).

Respectfully submitted,

MAUREEN SCOTT FRANCO
Federal Public Defender

/S/ Shane O'Neal
SHANE O'NEAL
Assistant Federal Public Defender
108 N. 10th Street
Alpine, Texas 79830
(432) 837-5598
(432) 837-9023 – fax

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of August 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

AUSA Monica Morrison
United States Attorney's Office
Alpine Division
2500 North Hwy, 118
Suite A200
Alpine, Texas 79830

/S/ Shane O'Neal
SHANE O'NEAL
Attorney for Defendant

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 4:20-CR-287 |
| | § | |
| CECIL BROWN, | § | |
| *Defendant.* | § | |

## Order on Motion to Suppress

Because Officer Beatrice Diaz seized Cecil Brown without probable cause to suspect that he had committed a crime; the seizure was unlawful. The evidence obtained because of the seizure, including two firearms, marijuana, and crystal methamphetamine are suppressed.

_____
DAVID COUNTS
U.S. DISTRICT JUDGE