United States District Court
Western District of Texas
Pecos Division

| | |
|---|---|
| United States of America,<br>    Plaintiff,<br><br>v.<br><br>Cecil Clay Brown,<br>    Defendant. | No. PE-20-CR-287-DC |

**UNITED STATES'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS**

I.      Introduction

There was reasonable suspicion for the traffic stop of the vehicle the Defendant was driving since the taillights on the vehicle were not on when the officer observed the vehicle. Since there was reasonable suspicion to stop the vehicle, the evidence located on the Defendant's person and in the vehicle should not be suppressed.

II.      Statement of Relevant Facts

On May 26, 2020, at approximately 2 a.m., Officer Diaz with the Monahans Police Department stopped the vehicle the Defendant was driving because the taillights of the vehicle were not operable. Although the headlights and brake lights on the vehicle were operable, the taillights were not.

When Officer Diaz approached the vehicle, she identified herself and provided the reason for the stop. While speaking with Defendant, Officer Diaz smelled the odor of burnt marijuana emanating from the vehicle. Officer Diaz recognized the Defendant and knew he did not possess a valid driver's license. Based on the way he was positioning himself in the vehicle, Officer Diaz believed the Defendant was attempting to conceal something in the vehicle. The Defendant pointed to the front of the vehicle and said his lights were on.

Officer Diaz asked Sergeant Ramon to respond to the scene to assist her. Before Sergeant Ramon arrived, Officer Diaz asked the Defendant to step out of the vehicle. When the Defendant exited the vehicle, he was directed to put his hands on the top of the vehicle. Rather than following the officer's commands, the Defendant started running away from Officer Diaz.

Officer Diaz followed the Defendant and provided Sergeant Ramon with information about the Defendant's route.

When Sergeant Ramon saw the Defendant running towards a trailer, Sergeant Ramon exited his vehicle and directed the Defendant to stop. The Defendant ignored Sergeant Ramon's commands and tried to enter the trailer. Sergeant Ramon tased the Defendant. After being tased, the Defendant resisted by tucking his hands in on the left side of his body and refused to show Sergeant Ramon his hands. While struggling with the Defendant, Sergeant Ramon discovered the Defendant was wearing an empty shoulder holster. Sergeant Ramon attempted to handcuff the Defendant, but was unable to do so as he could not physically move the Defendant's hands behind his back. The Defendant repeatedly ignored Sergeant Ramon's commands to show Sergeant Ramon his hands. Sergeant Ramon continued struggling with the Defendant until Officer Diaz arrived at his location. Sergeant Ramon tased the Defendant again when he refused to give Sergeant Ramon his hands. Thereafter, the Defendant complied and placed his hands behind his back. Officer Diaz handcuffed the Defendant.

After the Defendant was handcuffed, Sergeant Ramon patted the Defendant down and felt a firearm in the Defendant's pocket. Officer Diaz unzipped the Defendant's sweater pocket and located a Kimber 45 caliber handgun. A records check of the firearm revealed the firearm was stolen. The Defendant was arrested on the charge of Felon in Possession of a Firearm.

When the vehicle the Defendant was driving was searched, a number of items were located. Those items included a glass container which contained a green leafy substance believed to be marijuana, a glass pipe, an unused syringe, a clear plastic baggy containing a substance believed to be methamphetamine, and a Taurus PT 1911 45 caliber handgun.

The Defendant seeks to suppress the firearm located in his sweater pocket as well as the items located in the vehicle he was driving on the basis that Officer Diaz did not have probable cause to stop the vehicle. The Defendant claims the taillights on the vehicle were on when the Defendant was stopped by Officer Diaz.

A copy of Officer Diaz's video will be provided to the Court at the Suppression Hearing.

III.    Argument

**A. Officer Diaz's decision to stop the vehicle the Defendant was driving was supported by reasonable suspicion.**

Officer Diaz had reasonable suspicion to stop the vehicle the Defendant was driving based on the traffic violation she observed. When Officer Diaz saw the vehicle, the vehicle's taillights were not on. The legality of automobile stops are examined under a two-part standard articulated by the Supreme Court in *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *see also United States v. Brigham*, 382 F.3d 500 (5th Cir. 2004). First, the court examines whether or not the officer was justified in initiating a traffic stop at its inception. *Brigham,* 382 F.3d at 506. The court then examines whether or not the officer's subsequent actions were reasonably related in scope to the circumstances that caused him to stop the vehicle. *Id*.   In determining whether or not an officer's suspicion is reasonable "due weight must be given… to the specific reasonable inferences he is entitled to draw from the facts based on his experience." *Terry*, 88 S.Ct. at 1883. "Reasonable suspicion exists when the detaining officer can point to specific and articulable facts that, when taken together with rational inferences from those facts, reasonably warrant…the seizure." *United States. v. Pack*, 612 F.3d 341, 352 (5th Circ. 2010) (quoting *United States v. Estrada*, 459 F.3d 627, 631(5th Circ. 2006)). "Although an officer's reliance on a mere hunch is insufficient to justify a stop, the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying the preponderance of the evidence standard." *Pack,* 612 F.3d at 352 (quoting *United States v. Arvizu*, 534 U.S. 266, 122 S.Ct. 744, 751, 151 L.Ed.2d 740 (2002)).

Under the two-part analysis established in *Terry v. Ohio*, the stop in this case was reasonable both in light of the justification for the stop and the officer's subsequent actions. Through witness testimony and the admission of Officer Diaz's video, the United States will establish there was reasonable suspicion for Officer Diaz to stop the vehicle since the taillights were not on when she observed the vehicle. Officer Diaz was justified in initiating the traffic stop based

on her observations. While the Defendant suggests he intends to call his investigator and the owner of the vehicle to testify about the taillights, due weight must be given to Officer Diaz's observations of the vehicle and the inferences she is entitled to draw from the facts based on her experience.

Officer Diaz's actions immediately after the stop were also reasonably related to the scope of the circumstances that led to the stop. After stopping the vehicle, Officer Diaz approached the vehicle, identified herself, and provided the reason for the stop. When Officer Diaz began speaking with the driver, she developed additional reasonable suspicion of criminal activity based on the smell of marijuana emanating from the vehicle, the Defendant's movements inside the vehicle, and her knowledge that the Defendant did not possess a valid driver's license.

Since Officer Diaz observed the Defendant operating the vehicle without the taillights on, and the scope of Officer Diaz's actions immediately after the stop were reasonably related to the basis for the stop, the seizure by Officer Diaz was reasonable. As there was reasonable suspicion for the traffic stop in this case, there is no basis for suppressing the evidence.

## IV.   Conclusion

Since there was reasonable suspicion for Officer Diaz to initiate a traffic stop, the Defendant's Motion to Suppress should be denied.

        Respectfully submitted,

        John F. Bash
        United States Attorney

By:  */s/ Monica R. Morrison*
      Monica R. Morrison
      Assistant United States Attorney
      Idaho Bar No. 7346
      2500 North Highway 118, Suite A-200
      Alpine, Texas  79830
      (432) 837-7332 (phone)
      (432) 837-7449 (fax)
      Monica.Morrison@usdoj.gov

## Certificate of Service

 I certify that on August 31, 2020, I electronically filed this document with the Clerk of Court using the CM/ECF system.

☒ The CM/ECF system will send notification to the following CM/ECF participant(s):

  Shane O'Neal (Shane_O'Neal@fd.org)

           */s/ Monica R. Morrison*
           Monica R. Morrison
           Assistant United States Attorney